# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DOUGLAS LAKE,

                **Plaintiff,**

v.                                             **Case No:  6:15-cv-468-Orl-GJK**

BNG CONSTRUCTION, INC.,

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT (Doc. No. 11)** |
| **FILED:** | **JANUARY 6, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

      On March 23, 2015, Plaintiff filed a complaint (the "Complaint") against Defendant.  Doc. No. 1.  The gravamen of the Complaint is that Plaintiff, who was employed by Defendant as mechanic and driver, was not paid overtime wages for work he performed in excess of forty (40) hours per week.  *Id*.[1]  As a result, Plaintiff asserts a claim for unpaid overtime wages in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  *Id*.

_____

[1] The Defendant is a concrete construction company.  Doc. No. 1 at ¶ 12.

On July 20, 2015, Plaintiff filed a return of service, in which the process server averred that he served Defendant's registered agent on July 17, 2015, by serving an employee of the registered agent.  Doc. No. 11; *see also* Fla. Stat. § 48.081(3)(a) ("A person attempting to serve process . . . may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.").   Defendant failed to appear and respond to the Complaint.  On December 2, 2015, the Clerk entered default against Defendant.  Doc. No. 16.

On January 6, 2016, Plaintiff filed a Motion for Default Judgment (the "Motion") and Plaintiff's affidavit.  Doc. Nos. 18; 18-1.   In the Motion, Plaintiff maintains that the allegations in the Complaint and the evidence contained in Plaintiff's affidavit demonstrate that he is entitled to default judgment.  Doc. No. 18 at 2-3.  Plaintiff requests a judgment in the amount of $56,019.00, representing $28,009.50 in unpaid overtime wages and an equal amount in liquidated damages. Doc. No. 18 at 2-3.[2]

## II.   <u>STANDARD OF REVIEW.</u>

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true,

---

[2] The Motion makes no request for an award of attorneys' fees or costs.  Doc. No. 18 at 1-3.

adequately state a claim for which relief may be granted.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  If plaintiff fails to meet this pleading standard, then plaintiff will not be entitled to default judgment.

If plaintiff is entitled to default judgment, then the court must consider whether plaintiff is entitled to the relief he or she requests in their motion for default judgment.  With respect to a request for damages, plaintiff bears the burden of demonstrating that he or she is entitled to recover the amount of damages sought in their motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).  Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See Id.* at 1232 n.13; *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").  A plaintiff may use affidavits in an effort to quantify their damages claim.  *Adolph Coors*, 777 F.2d at 1544

## III.   ANALYSIS.

### A.  Clerk's Default.

Defendant was properly served under Florida law (*see supra* p. 2).   Doc. No. 11; Fla. Stat. § 48.081(3)(a).  Accordingly, the Clerk properly entered default against Defendant.  Fed. R. Civ. P. 55(a), and all of Plaintiff's well-pled factual allegations are admitted.[4]

### B.  FLSA.

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of forty (40) hours per week.  29 U.S.C. § 207(a)(1).  If an employee is not paid the statutory wage, the FLSA creates a

---

[4] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1337.  The Court also has personal jurisdiction over Defendant, as it conducts business in Florida.  Doc. No. 1 at ¶ 18.

private cause of action for that employee against his or her employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful.  *Id*. at §§ 216(b), 260.  To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) defendant employed him or her; 2) either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he or she worked over forty (40) hours a week; and 4) defendant did not pay him or her all of their overtime wages.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

## 1. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]"  *Id*. at § 203(d).  Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment."  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Plaintiff alleges and avers that Defendant employed him as a mechanic and driver from April 2006 through November 2014.  Doc. Nos. 1 at ¶¶ 4, 10, 11, 15, 17, 19; 18-1 at ¶¶ 2, 10-11. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated he was employed by Defendant.

## 2.   Coverage.

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA.  *Josendis*, 662 F.3d at 1298.  An employee may demonstrate that he or she is covered under the FLSA's overtime provision by demonstrating one of the following: 1) he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage).  29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Here, Plaintiff maintains that Defendant was an enterprise covered by the FLSA throughout the relevant period.  Doc. Nos. 1 at ¶¶ 76-77; 18 at 2.  An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii).  A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."  *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).

Plaintiff alleges that Defendant has approximately 93 employees who work on machinery and work with tools that have moved in interstate commerce.  Doc. Nos. 1 at ¶¶ 34-35; 18-1 at ¶¶ 5, 10-11.  Plaintiff further alleges and avers that at all relevant times the annual gross revenue of

Defendant was in excess of $500,000.00 per annum.  Doc. Nos. 1 at ¶¶ 28-31; 18-1 at ¶ 9. Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated enterprise coverage.[5]

### 3.   Hours of Overtime Work per Week.

Plaintiff alleges and avers that he worked in excess of forty (40) hours per week during his employment with Defendant from March 23, 2012 through November 4, 2014, but was not paid any wages those hours.  Doc. Nos. 1 at ¶¶ 5, 23-27; 1-1 at 2; 18-1 at ¶¶ 13-18.   Specifically, Plaintiff avers that he worked 858 hours of overtime from March 23, 2012 through November 4, 2014, which is approximately 136 weeks. Doc. No. 18-1 at ¶ 15.  858 hours of overtime through 136 weeks averages approximately 6.3 hours of overtime per week.   Plaintiff avers that he was paid $873.09 per week for straight time, which is approximately $21.83 per hour.  Doc. No. 18-1 at ¶ 13.  Plaintiff has also provided the Court with three representative paystubs, which show Plaintiff was paid $873.09 per week regardless of whether he worked 40 hours per week or forty-eight (48) hours per week. Doc. No. 1-1 at 2.   Accepting these allegations and averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated that he worked in excess of forty (40) hours per week without compensation for overtime hours worked, his regular rate of pay was $21.83 per hour, and Plaintiff worked 858 hours of overtime from March 23, 2012 through November 4, 2014.

Based on the foregoing, it is **RECOMMENDED** that the Court find that Plaintiff has sufficiently demonstrated that Defendant violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1).

---

[5] Although Plaintiff worked for Defendant primarily as a mechanic and driver, any defense that Plaintiff is exempt from coverage under the FLSA, pursuant to the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), has been waived by Defendant's default.  *See generally Songer v. Dillon Resources, Inc.*, 636 F. Supp. 2d 516, 518 (N.D. Tex. 2009) (Motor Carrier Act exemption is an affirmative defenses).

### C. Damages.

Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a workweek, with equals $32.75 per overtime hour ($21.83 + $10.92).  29 U.S.C. § 207(a)(1).  In a FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit.  *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

By affidavit, Plaintiff has demonstrated that he work 858 hours of overtime for Defendant without compensation from March 23, 2012 through November 4, 2014.  Doc. No. 18-1 at 13-17. Plaintiff calculates that he is owed $28,009.50 in unpaid overtime wages (858 overtime hours x $32.75 overtime rate of pay).  Doc. No. 18-1 at 17-18.[6]  On this record, the undersigned finds that Plaintiff has provided sufficient evidence to support his request for $28,009.50 in unpaid overtime wages.

Plaintiff also seeks an award of liquidated damages.  Doc. Nos. 1 at 8; 18 at 2-3; 18-1 at ¶

---

[6] Plaintiff's calculation is inaccurate because 858 x $32.75 = $28,099.50, not $28,009.50.  As the Motion requests the lesser amount, the undersigned will recommended Plaintiff be awarded $28,009.50 in unpaid overtime wages.

19.  Plaintiff alleges and avers that Defendant willfully refused to pay him overtime wages.  Doc. No. 1 at ¶ 81; 18-1 at ¶ 12, 20.  Defendant has not presented any evidence of a good faith failure to pay overtime wages.  Therefore, by virtue of Defendant's default, Defendant admits that it willfully violated the FLSA.  *Ojeda-Sanchez*, 499 F. App'x at 902.  As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages.  Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $28,009.50 in unpaid overtime wages, and an equal amount of liquidated damages.

**IV.   CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 18) be **GRANTED**;

2.  Judgment be entered in favor of Plaintiff and against Defendant in the total amount of $56,019.00;[7] and

3.  Direct the Clerk to close the case.

A party waives the right to challenge on appeal a finding of fact or conclusion of law

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite the final disposition of this matter, if Plaintiff has no objection to this report and recommendation, he may promptly file a notice of no objection.**

---

[7] This amount consists of $28,009.50 in unpaid overtime wages plus an equal amount of liquidated damages.

Recommended in Orlando, Florida on March 14, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy